Jackson, C. J.
1. This case turned on the question whether there was fraud in the giving of a note so as to absorb the share of a husband *206 in his father’s estate, and thus defeat a recovery of alimony by his wife,, who was living separately from him ; and the evidence was sufficient to authorize a submission of this question to the jury.
Underwood, Eowell & Cheney, for plaintiffs in error.
Wright, Meyerhardt & Wright, for defendants.
2. While generally it is a personal privilege to plead the statute of limitations, yet where a wife, living separate from her husband, had filed her bill against him and the administrator of his father’s estate to subject his interest in the estate to "her claim' for alimony, it would not be equitable to change an invalid claim against him in behalf of the decedent, all uncertain and confused, all out of date, except one fraction which seems doubtful, into a valid and certain one-against the property which would bd coming to him, and thus to defeat, the wife’s action. Code, §1721; 86 Ga., 286.
3. Even if an administrator may hold notes or other claims which, are out of date, against the share of the distributee in the estate, yet he-cannot set them off when the rights of others are concerned, and the indebtedness is found to be fraudulent on an issue made to try that point.
Judgment affirmed.